**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Equity One ABS, Inc. Mortgage Pass-Through Certificates Series 2004-5,<br><br>        Plaintiff,<br><br>  vs.<br>William Gary White, III, Palmetto Health Alliance and the South Carolina Department of Revenue,<br><br>        Defendants. | Civil Action No.: 3:17-00693-JFA-PJG<br><br>**NOTICE OF REMOVAL** |

TO: John S. Kay, John B. Kelchner, Sarah O. Leonard, Ashley Z. Stanley, Alan M. Stewart, ATTORNEYS FOR THE PLAINTIFF:

YOU ARE HEREBY NOTIFIED THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, William Gary White, III, hereby removes the above-referenced action previously pending in the Court of Common Pleas for Lexington County, South Carolina, as Civil Action No. 2017-CP-32-00791, to the United States District Court for the District of South Carolina, Columbia Division. William Gary White, III, denies the allegations in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

I. COMMENCEMENT OF THE ACTION

  This action was instituted by the Plaintiff against William Gary White, III, by the personal service of a Summons and Complaint, on March 9, 2017. Accordingly, pursuant to 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of first receipt of the original state court pleadings.

II. PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process and pleadings served upon William Gary White, III, are attached hereto as "Exhibit A" and are being filed with this Notice of Removal. Additionally, a copy of this Notice of Removal has been provided to the Clerk of Court for the Lexington County Court of Common Pleas.

III. STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

As discussed below, this action satisfies the requirements for federal question jurisdiction and both statutory requirements for diversity jurisdiction.  Therefore, this Court properly has jurisdiction over this matter.

IV. FEDERAL QUESTION JURISDICTION

This case is properly removed to this Court pursuant to federal question jurisdiction.  A federal question arises in this action because Defendant White's Response will set forth claims predicated upon an alleged violation of 15 U.S.C. § 45, the Federal Trade Commission Act 16–19.)  Because 15 U.S.C. § 45, is a federal statute, it arises under the "Constitution, laws, or treaties of the United States" and federal jurisdiction is proper.  Accordingly, this civil action arises under the laws of the United States and is one over which the United States District Court has original jurisdiction.  See 28 U.S.C. § 1331.

Additionally, this Court has supplemental jurisdiction over the remaining state law causes of action for alleged Mortgage Foreclosure and Mortgage Reformation.  (Compl. ¶¶ 4–21, 22–25.)

V.  DIVERSITY JURISDICTION

1. Citizenship of the Parties.

This action is of a civil nature and involves a controversy wholly between citizens of different states. The Complaint alleges that the Plaintiff is a citizen and resident of Lexington County, South Carolina. (Compl. ¶ 1.) Plaintiff is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business in the State of New York. Plaintiff identifies itself in its complaint as organized and existing under and by virtue of the laws of the United States of America, claiming no connection to the State of South Carolina. (Compl. ¶ 1.) Accordingly, Plaintiff is a citizens of a state other than the State of South Carolina pursuant to 28 U.S.C. § 1332(c)(1). At this time, there are no other parties to this action. Therefore, there is complete diversity.

2. Amount in Controversy.

The Complaint sets forth the amount due on the note and mortgage as ($79,028.97) (See Compl. at ¶ 17; "WHEREFORE.") These allegations are sufficient to meet the amount in controversy requirement.

For these reasons, the aggregate damages alleged and sought by Plaintiff certainly exceed $75,000.00, and, therefore, the amount-in-controversy element of diversity jurisdiction is satisfied. See 28 U.S.C. § 1332(a).

VI. REQUEST FOR BRIEFING AND ORAL ARGUMENT

In the event any question arises as to the propriety of the removal of this matter, William Gary White, III, requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of his position that removal is proper.

VII. CONCLUSION

William Gary White, III, hereby removes this matter from the South Carolina Court of Common Pleas for Lexington County to the United States District Court, Columbia Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

> BY: S/ Wm. Gary White, III
> Wm. Gary White, III
> 2009 Lincoln Street

Columbia, SC 29201

803-767-3953

attygarywhite@yahoo.com

Fed Id # 3130

Columbia, South Carolina

March 13, 2017