IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Equity One ABS, Inc. Mortgage Pass-Through Certificates Series 2004-5,<br><br>        Plaintiff,<br><br>v.<br><br>William Gary White, III, Palmetto Health Alliance and the South Carolina Department of Revenue,<br><br>        Defendant/Crossclaim Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>        Crossclaim Defendant | C/A No. 3:17-693-JFA-PJG<br><br><br><br>**ORDER** |

## I. INTRODUCTION

This matter is currently before the court on a Recommendation from the Magistrate Judge (ECF No. 10), as well as a motion to dismiss for lack of jurisdiction (ECF No. 14), and a motion to consolidate cases. (ECF No. 17). The Bank of New York Mellon ("BNYM") initiated this foreclosure action in the Lexington County Court of Common Pleas. William White ("White") then removed the action to this court on March 13, 2017. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

Thereafter, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") *sua sponte* and opines that this case should be remanded back to the Lexington County Court of Common Pleas for lack of jurisdiction. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Since the filing of the Report, BNYM has filed a motion to dismiss for lack of subject matter jurisdiction. Within its motion, BNYM incorporated the Magistrate Judge's recommendation and provided additional arguments as to why this court does not have jurisdiction over this case. Additionally, White has filed a motion to consolidate this case with another case previously before this court, which White voluntarily dismissed in 2012. *See White v. Equity One Mortgage Co.*, 3:11-cv-01649-JFA. White filed objections to the Report on April 27, 2017, (ECF No. 19), and all other motions have been fully briefed. Therefore, the Report and both motions are ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd.*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

*of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. ANALYSIS

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002).

### A. The Report

Initially, the Report points out that White failed to indicate that all defendants consented to the removal of the action from the state court. When a case is removed on the basis of federal question jurisdiction, all properly joined and served defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). White objects to this point by stating that BNYM failed to make a timely objection and therefore waived its right to object to this technical error in the removal process. However, because this case is subject to remand even if this statutory requirement were met, this issue is moot.

Within the notice of removal, White contends that this court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because he intends to assert a defense under 15 U.S.C. § 45. However, as stated in the Report, a federal question must be presented on

the face of a plaintiff's complaint to satisfy federal question jurisdiction. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004). Also, "[a] federal defense to a state cause of action is not sufficient to invoke federal jurisdiction." *Cook v. Georgetown Steel Corp.,* 770 F.2d 1272, 1275 (4th Cir. 1985). Here, BNYM instituted a foreclosure action based exclusively on state law. White's attempt to raise a defense to the foreclosure action based on a federal law does not establish federal jurisdiction.

White objects to this conclusion by stating that this action arises out of a breached settlement agreement that ended a case previously before this court and "a district court retains inherent jurisdiction and equitable power to enforce agreements entered into in settlement of litigation before that court." (ECF No. 19 p. 3)(citing *Millner v. Norfolk & W. Ry. Co*., 643 F.2d 1005, 1009 (4th Cir. 1981)). However, "enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378 (1994). "Absent an independent basis for federal jurisdiction, a district court's ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees provides such an independent jurisdictional basis to enforce a settlement agreement if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal." *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 (4th Cir. 2003) (citing *Kokkonen*, 511 U.S. at 381). There are two ways in which a court may make a settlement agreement part of its dismissal order: either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. *Id.*

White argues that BNYM's complaint concerns disputes arising from a 2012 settlement agreement reached after a court ordered mediation in *White v. Equity One Mortgage Co*., 3:11-

4

cv-01649-JFA. (ECF No. 10 p. 4–5). However, White has failed to indicate that this agreement was incorporated into the order dismissing the prior case or that this court retained jurisdiction over the settlement agreement. Moreover, a review of the record in that case shows that White voluntarily dismissed all claims in that case with prejudice and without referencing any settlement agreements. *See White v. Equity One Mortgage Co*., 3:11-cv-01649-JFA (ECF No. 21 & 35). Therefore, this court does not have jurisdiction over this case regardless of whether it arises out of a breach of settlement agreement in a separate case previously presided over by this court.

White also argues that this court has jurisdiction over this matter because the settlement in the previous case and the claims in the present action are factually intertwined. (ECF No. 19 p. 5). However, "[t]he facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 381 (1994). Therefore, the factual interdependence of the prior settlement agreement and the current foreclosure claims do not provide this court with jurisdiction. Accordingly, White's objections to the Report are without merit.

### B. BNYM's Motion to Dismiss

Although the Report correctly concludes that this court lacks federal question jurisdiction, it does not address the fact that White has also alleged jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1 p. 2–3). However, BNYM addresses this issue within its motion to dismiss for lack of jurisdiction. (ECF No. 14).

Within his notice of removal, White alleges that this action involves a controversy between citizens of different states. (ECF No. 1 p. 3–4). White is a citizen of South Carolina and

BNYM is a citizen of New York.[2] Additionally, the amount in controversy exceeds the jurisdictional threshold of $75,000. However, White has failed to acknowledge the "home-state defendant rule." 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

As discussed previously, White has failed to show that federal question jurisdiction is present in this case. Also, this court does not have ancillary jurisdiction to enforce the settlement agreement entered into in resolution of a separate case previously before this court. Therefore, White's final allegation of federal jurisdiction is based upon diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Because White's only basis for removal is diversity jurisdiction, he is limited by the home-state defendant rule expounded in 28 U.S.C. § 1441(b)(2). Accordingly, White is prevented from removing this action from a South Carolina state court because he is a citizen of South Carolina. Consequently, this action must be remanded to the Lexington County Court of Common Pleas.

**C. White's Motion to Consolidate Cases**

Finally, White has requested that this court consolidate the present action with the 3:11-cv-01649 action. (ECF No. 17). However, because this court does not have jurisdiction over the present action, it does not have the power to consolidate the cases. Accordingly, White's motion to consolidate is moot.

---

[2] BNYM is considered a citizen of New York because it is both incorporated in New York and has its principal place of business in New York. *See* 28 U.S.C. § 1332(c).

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report and Recommendation (ECF No. 10) to the extent that it recommends remanding this case to the Lexington County Court of Common Pleas due to lack of federal question jurisdiction. Additionally, BNYM's motion to dismiss (ECF No. 14) is granted to the extent that it alleges that this court is without subject-matter jurisdiction over this action. However, the proper course of action is not to dismiss the case but instead remand it to the Lexington County Court. Consequently, White's motion to consolidate cases (ECF No. 17) is dismissed as moot.

IT IS SO ORDERED.

June 2, 2017　　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge